# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN JOSE

FILED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

E-filing

SHARLENE P. ABRAMS

**CR 08 0252 RMW**

DEFENDANT(S).

## INDICTMENT

**PVT**

INDICT

A true bill.

_____
Foreman

Filed in open court this ___17___ day of April 2008

Summons return by May 8/08 @ 9:30 CMC

_____ Bail, $ _____

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08 0252 |
| Plaintiff, | VIOLATIONS: |
| v. | 26 U.S.C. § 7201 - Income Tax Evasion; 26 U.S.C. § 7206(2) - Aiding and Assisting in the Preparation of False Tax Returns |
| SHARLENE P. ABRAMS, | |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

GENERAL ALLEGATIONS

1.   At all times material to this Indictment, defendant SHARLENE P. ABRAMS ("ABRAMS") resided in Los Gatos, California, and between 1993 and November 2001, ABRAMS served as Chief Financial Officer for Mercury Interactive Corporation. At various times during this period, ABRAMS also served as Secretary and Vice President of Finance and Administration. ABRAMS had the additional title of Securities Compliance Officer as early as May 30, 1996, and was appointed a member of the stock option committee on July 15, 1999.

2.   At all times material to this Indictment, Mercury Interactive Corporation ("Mercury") was a Delaware Corporation with its headquarters in Mountain View, California. Mercury was a publicly traded corporation that made software used to test and optimize

INDICTMENT                                 1

1  information technology systems and software applications.

2  3.  At all times material to this Indictment, Amnon Landan ("Landan") was Mercury's Chief Executive Officer and Kenneth Klein ("Klein") was Mercury's Chief Operating Officer.

## STOCK OPTIONS AND THEIR TAX TREATMENT

4.  The term "stock option" refers to a right granted by a company to purchase a specific number of shares of the company's stock at a specified price for a pre-determined period of time.

5.  The term "employee stock option" refers to a stock option granted by a company to one of its employees. An employee to whom a stock option is granted typically must wait a specified vesting period before being allowed to exercise the option.

6.  "Exercise price" or "strike price" refers to the price at which the holder of an option will be permitted to purchase stock. That price is set on the day the stock option is granted.

7.  The term "vesting" refers to the ownership right that an employee acquires through length of service at the company. A vesting schedule requires that a specified period of time elapse after the options are granted before they can be exercised.

8.  The tax treatment of stock options depends upon the type of options received by the employee. During the relevant period, the Internal Revenue Code and associated regulations recognized two types of options received by employees: incentive stock options ("ISOs") and non-qualified stock options ("NQs"). ISOs are defined in Section 422 of the Internal Revenue Code; all other options are deemed NQs.

9.  A stock option agreement sets forth the terms of the options the company has granted to an employee. Such an agreement specifies the type of options (ISOs or NQs), the number of options, the exercise price, the vesting schedule, and the expiration date for the options.

10.  Federal tax laws require the payment of ordinary income tax on gains realized upon the exercise of NQs. Thus, if a person exercises NQs, thereby purchasing stock at a lower

INDICTMENT                                  2

price than fair market value ("FMV") on that date, the difference between the purchase price and FMV is taxed as ordinary income.

11. Although federal tax laws typically do not require the payment of ordinary income tax upon the exercise of ISOs, the difference between FMV and the exercise price is included in alternative minimum tax ("AMT") income, which may trigger the imposition of the AMT. Profits from the sale of shares received through an exercise of ISOs may qualify to be taxed at the long-term capital gains rate, which is more favorable than regular income tax rates, provided other conditions are met.

## THE MERCURY STOCK OPTION PLANS

12. During the relevant period, Mercury granted options to its employees and executives under the 1989 Stock Option Plan and the 1999 Stock Option Plan, as amended at various times.

13. The purposes of the stock option plans were "to attract and retain the best available personnel for positions of substantial responsibility, to provide the additional incentive to such individuals of the Company and to promote the success of the Company's business."

14. Options granted under the stock option plans could be either ISOs or NQs, at the discretion of the Administrator and as reflected in the terms of the written option agreement.

15. Pursuant to the stock option plans, an option was exercised "when written notice of such exercise has been given to the Company in accordance with the terms of the Option by the person entitled to exercise the Option and full payment for the Shares with respect to which the Option is exercised has been received by the Company."

## THE BACKDATING SCHEME

16. ABRAMS supervised the exercises of stock options for officers and executives. Officers and executives typically exercised their stock options and then held the stock for a period of time, usually at least one year to take advantage of the lower long-term capital gains tax rate.

17. In April and May 2001, ABRAMS orchestrated the backdating of stock option exercise dates for herself, Landan, and Klein in order to reduce the income taxes due on the gains

INDICTMENT                                3

realized by the exercises. ABRAMS searched for the low point in the price of Mercury stock and backdated the exercises for herself, Landan and Klein to April 4, 2001, the low point, to reduce the ordinary income tax upon the exercise of NQs or to reduce AMT income on the exercise of ISOs.

18. In August 2001, ABRAMS orchestrated the backdating of stock option exercise dates for herself in order to reduce the income taxes due on the gains realized by the exercises. ABRAMS searched for the low points in the price of Mercury stock and backdated the exercises for herself to the low points of July 18, 2001, and July 24, 2001, to reduce the ordinary income tax upon the exercise of NQs.

19. The backdated stock option exercises for ABRAMS in May and August 2001 are summarized in the following table:

| Option Number | Option Type | Option Price | Number of Shares | Backdated Date | Stock Price on Backdated Date | Actual Date of Exercise | Stock Price on Actual Date of Exercise |
|---|---|---|---|---|---|---|---|
| 1590 | NQ | $6.32 | 29,999 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 1659 | NQ | $6.32 | 701 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 1289 | NQ | $2.44 | 14,801 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 778 | NQ | $12.03 | 18,333 | 7/18/01 | $34.19 | 8/3/01 | $39.15 |
| 1030 | NQ | $18.25 | 5,520 | 7/18/01 | $34.19 | 8/3/01 | $39.15 |
| 778 | NQ | $12.03 | 1,667 | 7/24/01 | $34.93 | 8/3/01 | $39.15 |

20. The backdated stock option exercises for Landan in April 2001 are summarized in the following table:

| Option Number | Option Type | Option Price | Number of Shares | Backdated Date | Stock Price on Backdated Date | Actual Date of Exercise | Stock Price on Actual Date of Exercise |
|---|---|---|---|---|---|---|---|
| 1494 | NQ | $3.19 | 14,832 | 4/4/01 | $31.88 | 4/9/01 | $40.44 |
| 1009 | ISO | $3.19 | 31,347 | 4/4/01 | $31.88 | 4/9/01 | $40.44 |
| 1009 | NQ | $3.19 | 237,821 | 4/4/01 | $31.88 | 4/9/01 | $40.44 |

///

///

INDICTMENT                                                        4

21. The backdated stock option exercises for Klein in May 2001 are summarized in the following table:

| Option Number | Option Type | Option Price | Number of Shares | Backdated Date | Stock Price on Backdated Date | Actual Date of Exercise | Stock Price on Actual Date of Exercise |
|---|---|---|---|---|---|---|---|
| 507 | ISO | $3.10 | 4,376 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 552 | ISO | $4.19 | 34,636 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 1023 | ISO | $3.19 | 87,261 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 1011 | ISO | $3.19 | 238,312 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |
| 352 | ISO | $2.32 | 1 | 4/4/01 | $31.88 | 5/3/01 | $67.41 |

**COUNT ONE**: (26 U.S.C. § 7201)

On or about April 15, 2002 in the Northern District of California, the defendant

SHARLENE P. ABRAMS

then a resident of Los Gatos, California, who during the calendar year 2001 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by her and her spouse to the United States of America for the calendar year 2001, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service, wherein it was stated that their joint taxable income for said calendar year was the sum of $898,361, and that the amount of tax due and owing thereon was the sum of $520,388, whereas, as defendant SHARLENE P. ABRAMS then and there well knew and believed, their true joint taxable income for said calendar year was greater than the amount reported and an additional tax was due and owing to the United States of America.

In violation of Title 26, United States Code, Section 7201.

**COUNT TWO**: (26 U.S.C. § 7206(2))

On or about October 22, 2002 in the Northern District of California, the defendant

SHARLENE P. ABRAMS

then a resident of Los Gatos, California, did willfully aid and assist in, and procure, counsel and advise, the preparation and presentation to the Internal Revenue Service of a false and fraudulent

INDICTMENT                               5

U.S. Individual Income Tax Return, Form 1040, for Amnon Landan and his spouse, for the calendar year 2001, which was false and fraudulent as to a material matter, as defendant SHARLENE P. ABRAMS then and there well knew and believed, in that said return reported less total joint taxable income on Line 39 of Form 1040 than was required to be reported, and reported less alternative minimum taxable income on Line 21 of Form 6251 than was required to be reported.

In violation of Title 26, United States Code, Section 7206(2).

**COUNT THREE:** (26 U.S.C. § 7206(2))

On or about April 15, 2002 in the Northern District of California, the defendant

SHARLENE P. ABRAMS

then a resident of Los Gatos, California, did willfully aid and assist in, and procure, counsel and advise, the preparation and presentation to the Internal Revenue Service of a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for Kenneth Klein and his spouse, for the calendar year 2001, which was false and fraudulent as to a material matter, as defendant SHARLENE P. ABRAMS then and there well knew and believed, in that said return reported less total alternative minimum taxable income on Line 21 of Form 6251 than was required to be reported.

In violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL.

Dated: 4-17-08

_____
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

_____
BRIAN STRETCH
Chief, Criminal Division

(Approved as to form: _____ )
AUSA DENIER

INDICTMENT                                        6

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

26 USC § 7201 - 1 count
Income Tax Evasion
26 USC § 7206(2) - 2 counts
Aiding & Assisting in the
Preparation of False Tax Returns

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**DEFENDANT - U.S.**
▶ SHARLENE P. ABRAMS

**DISTRICT COURT NUMBER**
CR 08 0252

FILED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing   RMW   PVT

**PENALTY:**
26 USC § 7201-5 yrs impris., $250,000 fine, 3 yr superv. rel., $100 assessment;
26 USC § 7206(2)-3 yrs impris., $250,000 fine, 1 yr superv. rel., $100 assessment;

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

INTERNAL REVENUE SERVICE

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} SHOW DOCKET NO.

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on   JOSEPH P. RUSSONIELLO
THIS FORM
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)   DAVID L. DENIER, AUSA, TAX DIV.

---

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes  ☐ No   } If "Yes" give date filed

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☒ Arraignment ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
15730 Linda Avenue
Los Gatos, CA 95032

Date/Time:

Before Judge:

Comments: Please call Special Agent Tina Zwiefelhofer (415) 479-8424 ext. 248 for service of summons.